IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,          Case No. 3:00 CR 756

     -vs-

                                          MEMORANDUM OPINION
DAVID TRINIDAD GONZALEZ,          AND ORDER

                Defendant.

KATZ, J.

      This case comes before the Court pursuant to briefing on specific objections by the Defendant, David Trinidad Gonzales ("Defendant" or "Gonzalez"), primarily regarding sentencing enhancements. Gonzalez was previously indicted along with 35 other individuals pursuant to a 44 count indictment filed September 5, 2000 in this Court. On April 28, 2005, he was found guilty on counts 1 (conspiracy to distribute and possess with intent to distribute cocaine and cocaine base) and 33 (possession of 8.907 kilograms of cocaine with intent to distribute). The matter was referred to the United States Probation Office for investigation and preparation of a pre-sentence report, which was finalized on August 9, 2005. A sentencing hearing began on August 29, 2005.

      On June 12, 2005, the Defendant filed multiple objections to the pre-sentence report ("PSR") and on June 28th filed transcripts of plea hearings in Hancock County Court of Common Pleas; those plea hearings were held on April 15, 1992 and December 12, 1994 and involved two separate charges with respect to drug possession and/or distribution. Gonzalez was represented by

counsel at both hearings and the presiding judge went through an extensive inquiry, clearly eliciting a voluntary plea of guilty in each instance after determining that the Defendant was aware of his rights and understood the nature and extent of the crimes to which he was pleading. The Government responded to the initial objections filed by the Defendant (Hearing Memo of July 12, 2005).

At the initial sentencing hearing the Court gave counsel the opportunity to brief two issues further: 1) the propriety of the use of prior convictions occurring during the period of the conspiracy to enhance the Defendant's sentence pursuant to 21 U.S.C. § 841(b)(1); and 2) objections to the drug quantities recommended by the probation officer in the PSR that, based upon a quantity of cocaine involved in the conspiracy (in excess of 150 kilograms) the base offense level should be 38 rather than utilizing the "more than 5 kilograms of cocaine" found by a special interrogatory answered unanimously by the jury at trial, which would result in a base offense level of 32. Those issues have now been fully briefed; the Court has also heard oral argument at the initial sentencing hearing, and is now ready to rule on those issues.

Preliminarily, the Court will address the objections to the presentence report filed by the Defendant on July 28, 2005. The first objection is to the description in the report of the offense conduct contained in paragraphs 7 through 53 of that report. Those paragraphs contain descriptions of events and are not used to determine the offense level computation. Therefore, the Court will deny those objections.

Next, the Defendant alleges that he qualifies for acceptance of responsibility under the Guidelines because of proffered information to the Government regarding his involvement in the charged offense. That proffered information was, apparently, insufficient for the Government to

2

extend a plea offer which was acceptable to the Defendant. However, the Defendant through trial did not accept responsibility for his acts and, therefore, cannot be deemed to have qualified for any credit for acceptance of responsibility. Therefore, that objection is denied.

The Defendant objects to the use of the Sentencing Guidelines by this Court in determining his sentence. The memorandum overstates the impact of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey,* 503 U.S. 466 (2000). and *United States v. Booker,* 125 S.Ct. 738 (2002). Subsequent to the United States Supreme Court's decisions in these cases, particularly *Booker*, the Guidelines have been recognized as advisory, granting the Court discretion, within certain limits, to depart therefrom. This Court, pursuant to Sixth Circuit precedent subsequent to the *Booker* case, will use the United States Sentencing Guidelines as advisory and will also follow the considerations required pursuant to 18 U.S.C. § 3553(a) in crafting a sentence in ths case. As the Court of Appeals has indicated, sentencing courts should not depart from the guidelines unless reasonable and appropriate in a particular case.

The primary thrust of the Defendant's objections relate to sentencing enhancements, both with respect to prior convictions and drug quantities. Addressing the first enhancement, the Government filed a pretrial Information regarding its intent pursuant to 21 U.S.C. § 851(a)(1) and 841 to use two previous drug convictions in Hancock County, Ohio as enhancing criminal conduct. The term of the conspiracy involved in this case as charged in the indictment is alleged to have begun in 1989 and continued through 2000. The two Hancock County convictions of the Defendant came within that period, the first in 1992 and the second in 1994. It is clear that the Defendant is not in a position to challenge those convictions because of the five year statute of limitation contained in 21 U.S.C. §851(c). In any event, the Court has reviewed the transcripts of

the plea hearings and they reflect that the Defendant was afforded every constitutional protection and the pleas were knowing and voluntary.

It is the Defendant's position that the Hancock County convictions, occurring during the period of conspiracy, represent together with this case a single criminal act as contrasted to separate criminal episodes. That determination, based on pre-*Booker* decisions, has been made by the Court; the Defendant urges that such a determination must be made by a jury, based on proof beyond a reasonable doubt. Defendant asserts that the Government maintains the burden to prove the Findlay cases were unrelated to each other and to the conspiracy. That briefly summarizes the Defendant's position.

Both parties agree that the leading authority in this Circuit on the issue before us is *United States v. Hughes*, 924 F.2d 1354(6th Cir. 1991). In that case the defendant asserted that a prior state felony drug conviction used to enhance his federal sentence was for possession of cocaine and in connection with the conspiracy to which he pled guilty. The court found that it was relevant that the defendant's involvement in the drug conspiracy continued after the conviction for the possession of cocaine offense and that even though the possession conduct was related to the conspiracy, it should be considered as a prior conviction under Section 841(b)(1)(A). *Id*. at 1362. The *Hughes* court was convinced that the defendant's repeated criminal behavior was the kind that Congress targeted for imposition of a harsher penalty under Section 841. That is the Government's position in the case at bar. The same reasoning is found in *United States v. Rice*, 43 F3rd. 206 (11th Cir. 1995) and other cases. Thus, it is this Court's responsibility to determine if the Hancock County convictions must be counted as prior convictions pursuant to Sections 841(b) and 851.

Whether the Defendant's prior convictions in Hancock County were separate criminal episodes as defined by *Hughes* and *Rice* is, even post-*Booker*, a matter for the Court. It is the Court's belief that *Hughes* is proper guidance for the analysis to be made under Section 841(b)(1) and will not involve any violation of the Defendant's Sixth Amendment rights if made by the Court as contrasted with the jury. The only question before this Court is whether the convictions in Hancock County were for conduct which constituted overt acts in furtherance of a broader conspiracy, that alleged in count 1 of the indictment in this case and, if so, are to be considered a single criminal episode or separate criminal episodes. That is purely a legal question under both *Hughes* and *Rice*. The Defendant asserts that post-*Booker* the fact of his prior convictions should have been submitted to a jury for a finding beyond a reasonable doubt. That is contrary to the specific holding in *Booker*. In the remedial portion of the *Booker* opinion the holding states that judicial fact finding is unconstitutional only when it operates to increase a defendant's sentence mandatorily. In *United States v. Butler,* 137 Fed.Apx. 813, 819 (6th Cir. 2005) the court held that "prior convictions need not be proven to a jury beyond a reasonable doubt under the *Apprendi* line of cases, even if they increase the minimum sentence applicable to a defendant." See *United States v. Barnett*, 398 F.2rd 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of the remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury.")

The Supreme Court excluded prior conviction determination from Sixth Amendment protection in *Almendarez-Torres v. United States*, 523 U. S. 224 (1998). In that case the Supreme Court held that a provision of the immigration laws increasing a sentence based upon a prior

conviction did not define a separate crime. Thus, it was not necessary for the Government to charge that factor in the indictment. The Sixth Circuit has noted that *Almandarez-Torres* continues to have vitality post-*Booker*. *See United States v. Powers*, 2005 WL 977136 (6th Cir. 2005), *United States v. Paseur,* 2005 WL 2001155 (6th Cir. 2005). Clearly, the Sixth Amendment does not require the submission of proof of a prior conviction to a jury and a finding of that prior conviction beyond a reasonable doubt.

Based upon the record before this Court and the cases controlling in this Circuit, this Court finds that each of the two Hancock County conviction noted above were separate and distinct crimes occurring within the period of the conspiracy here involved. They may properly be utilized for sentence enhancement under 21 U.S.C. § 841(b)(1)(A).

The last issue the Defendant argues is that this Court is bound by the jury's special verdict that he was responsible for "at least 5 kilograms of cocaine." The issue may be stated as whether, under the now advisory guidelines, the Court is permitted to make a factual finding with respect to the amount of cocaine for which the defendant is responsible, relying on the testimony adduced during trial which reflected a much larger quantity of cocaine involved in the conspiracy of which the Defendant was a part and of which he was certainly a leader/organizer.

This issue is, as the Government points out, really moot as a result of this Court's determination above that the two prior convictions in Hancock County are properly considered under Section 841(b)(1). As pointed out in paragraph 8 of the PSR, under Guideline Section 4b1.1 the career offender's Criminal History Category in every case is VI and the offense level would be as high as 37 because the offenses are punishable by life imprisonment. If only offense level 32 is utilized because of the jury's finding alone as to drug quantities, and the four level

6

enhancement is granted for leader/organizer, the Defendant at the very least would be a 36 or 37, with a Criminal History Category VI. Therefore, he would be subject to either 324 - 405 months or 360 - life. The Court will reserve a finding with regard to drug quantities and the appropriate guideline for the completion of the sentencing hearing.

A sentencing hearing is set for November 28, 2005 at 11:30 a.m.

IT IS SO ORDERED.

                                            s/ *David A. Katz*
                                            DAVID A. KATZ
                                            SENIOR U. S. DISTRICT JUDGE