IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID TRINIDAD GONZALES,

                        Defendant/Petitioner,       Case No. 3:00 CR 756
          -vs-                                 3:09 CV 2336

UNITED STATES OF AMERICA,

                                         <u>MEMORANDUM OPINION</u>
                    Plaintiff/Respondent.
KATZ, J.

Petitioner, David Trinidad Gonzales, ("Gonzales") filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on October 8, 2009 raising claims of ineffective assistance of counsel in violation of Sixth Amendment rights (Doc. No. 1548). The Government filed it opposition on January 7, 2010 (Doc. No. 1559). Gonzales then filed an amended § 2255 motion on January 7, 2010 raising and expanding upon two grounds of his original motion: ineffective assistance of trial counsel and ineffective assistance of appellate counsel (Doc. Nos. 1560 & 1562). In addition, Gonzales filed a motion for leave for discovery, with proposed interrogatories (Doc. No. 1561). The Government has now filed a response to the newly raised issues not addressed in its original opposition (Doc. No. 1565) filed January 25, 2010. Its supplemental response also addresses the motion for discovery. Gonzales has filed a reply of 49 pages to the Government's response. (Doc. No. 1573).

**STATEMENT OF THE CASE**

The Government's original opposition sets forth in detail the background of this case as follows:

David Trinidad Gonzalez [hereinafter "Gonzalez" or "Petitioner"] was indicted with 35 co-defendants in a 44-count Indictment on September 5, 2000. (R.1 Indictment). Gonzalez was a fugitive until arrested on December 11, 2003,

after all of the co-defendants had entered guilty pleas and some were sentenced. (R.N/A Presentence Report at 4-6). Gonzalez was charged with Conspiracy to Possess and Distribute Cocaine, Cocaine Base, and Marijuana (Count 1, 21 U.S.C. § 846); and Possession with Intent to Distribute Cocaine (Count 33, 21 U.S.C. § 841(a)(1)).

The evidence presented at trial showed that David Trinidad Gonzalez was the organizer and leader of a drug conspiracy which spanned most of the 1990s up to, and including, the day most of the defendants were arrested (September 7, 2000). (R.N/A Presentence Report at 11). Gonzalez was responsible for the distribution of 500-1,000 kilograms of cocaine and marijuana. Gonzalez divided his time between Chicago, which was the source of most of the drugs he distributed, and cities in southeast Michigan and northwest Ohio. Gonzalez maintained a residence in Chicago as well. (R.1383 Trial Transcript, Apple at TR 203; R.1384, Apple at TR 407-408; R.1384, Marine at TR 503). The drugs were ultimately distributed in the Ohio cities of Toledo, Marion, and Findlay, and the Michigan city of Adrian. All of the remaining 35 defendants in the federal indictment sold drugs which were obtained from Gonzalez. In addition, over a dozen Findlay distributors from this conspiracy were prosecuted in Hancock County on state charges. (R.N/A Presentence Report at 11); (R.1384 Apple at TR 411). In the federal case, all of the defendants entered guilty pleas except David Trinidad Gonzalez. All of the defendants who pled guilty admitted their participation in this conspiracy; many of them agreed to cooperate, and testified against Gonzalez.

The government filed a pretrial information pursuant to 21 U.S.C. § 851(a)(1), declaring its intention to use Gonzalez's prior felony convictions (namely, a 1992 Ohio conviction for aggravated trafficking in drugs, for which Gonzalez was sentenced to 18 months imprisonment, and a 1995 Ohio conviction for aggravated trafficking in drugs, for which Gonzalez was sentenced to 18 months imprisonment)[1], as qualifying predicate offenses under 21 U.S.C. § 841(b) to enhance Gonzalez's sentence. (R.1317 Information)

Gonzalez's jury trial commenced with jury selection on April 18, 2005 (R.1341 Minutes of Voir Dire). On April 28, 2005, the jury returned verdicts of guilty as to Counts 1 and 2 (Count 2 was re-numbered from original Count 33 for convenience) (R.1360 General Verdict). In addition, the jury returned a Special Verdict finding Gonzalez responsible for at least five (5) kilograms of cocaine, with respect to Counts 1 and 2 (R.1360 Special Verdicts).

Following the receipt of post-trial motions, this Court entered an order ruling on objections to the presentence report, and referring the remaining issues to sentencing . (R.1416 Memorandum Opinion and Order dated October 28, 2005). The Court ruled that Gonzalez was subject to 21 U.S.C. § 841(b)'s mandatory minimum of life imprisonment because of his prior predicate convictions. On January 11, 2006, following a sentencing hearing, Gonzalez was sentenced to life without parole. (R.1435 Judgment Order; R.1437, Transcript of Sentencing Proceedings).

Gonzalez filed a timely notice of appeal on January 12, 2006. (R.1436 Notice of Appeal). The issues raised were: (1) whether the district court properly exercised its discretion in refusing to grant a mistrial when two government witnesses made reference to Gonzalez's having been jailed on prior occasions; (2) whether the court properly sentenced Gonzalez to life without parole based upon Gonzalez's prior state court drug convictions, when they occurred during the same time frame as the charged conspiracy; (3) whether the use of the prior state court convictions to enhance Gonzalez's present sentence violated the double jeopardy clause of the Fifth Amendment; and (4) whether the court properly engaged in fact-based guideline determinations (namely, the quantity of drugs and Gonzalez's leadership role in the offense) where the court treated the guidelines as advisory rather than mandatory when sentencing Gonzalez.

The Sixth Circuit found each of these arguments without merit, and affirmed Gonzalez's conviction and sentence. United States v. Gonzalez, 257 Fed.Appx. 932, 2007 WL 4438131 (6th Cir., Dec. 17, 2007) (No. 06-3254) (unpublished). The U.S. Supreme Court denied a petition for writ of certiorari on October 6, 2008. Gonzalez v. United States, 129 S.Ct. 36 (2008) (No. 07-9998).

Gonzalez filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255 on October 8, 2009. (R.1548 § 2255 Motion). It was timely signed and placed in the prison mailbox on October 5, 2009. See Houston v. Lack, 487 U. S. 266, 270-72 (1988) (petition is considered "filed" when delivered to prison officials for mailing to federal court).

As noted above, the Government's current response is to the newly raised issues not

addressed in its original response and also addresses Gonzales' motion for discovery.

**STATEMENT OF THE LAW**

Because the government's initial response clearly and accurately sets forth the statement of

the law governing this matter it will be set forth in full below:

To obtain relief under § 2255 on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 353 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors result in something akin to a denial of due process. Grant v. United States, 72 F.3d 503 (6th Cir. 1996). To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

A petitioner may not relitigate in his § 2255 motion to vacate sentence claims that were raised and considered on direct appeal. DuPont v. United States, 76 F.3d 108 (6th Cir. 1996). He is further barred from asserting claims that could have been brought on direct appeal, absent a showing of cause and prejudice for the failure to bring those claims. United States v. Frady, 456 U. S. 152, 167-68 (1982); see also Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).

In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. McNeil v. United States, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. Id.

The benchmark for judging claims of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process . . . that it cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a petitioner must make two showings. First, he must prove that counsel made serious errors, that is, that counsel's performance was deficient. Defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced his defense. Both showings must be made to establish that there has been a breakdown in the adversarial process and the result is unreliable. Id. at 687.

Under the first requirement to show that counsel's performance was deficient, Petitioner must demonstrate that the counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential; indeed, the court must presume that the challenged action might be considered sound trial strategy. Michel v. Louisiana, 350 U.S. 91, 101 (1955). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

As stated by the Sixth Circuit, to prevail under § 2255, a petitioner ". . . must show a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so  egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990), citing, Hill v. United States, 368 U.S. 424, 428 (1968).

Under the second requirement to show prejudice, Petitioner must demonstrate that there exists a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 694. The focus should be whether counsel's errors have undermined the reliability of and confidence in the result, i.d., can one confidently

4

say that the trial reached a fair and just result. Lockhart v. Fretwell, 506 U.S. 364 (1993).

**DISCUSSION**

Gonzales has raised four grounds to support his § 2255: (1) ineffective assistance of trial counsel, with 22 various claims; (2) the Court violated his Sixth Amendment rights in its presentence Memorandum Opinion regarding "reasonableness," the Sentencing Guidelines, and individualized sentencing; (3) he was denied his right to confront witnesses through the use of hearsay to establish drug trafficking; and (4) ineffective assistance of appellate counsel.

This Judge sat through and participated in all pretrial, trial and post-trial matters concerning Gonzales' case and is thus quite familiar with all of the issues raised, except for the alleged ineffective assistance of appellate counsel.  The Government expends 31 pages addressing the motion of Gonzales in its' initial response and an additional 18 pages in its' supplemental response.  Suffice to say the Court is in total agreement with the Government's position on each and every aspect of the grounds Gonzales cites to support both his initial and amended § 2255 motions.  There is no need to regurgitate here all of the various aspects of his claims and the reasons none of them raise a substantial issue requiring the Court to rule in his favor.  This Court finds no reason to find ineffective assistance of trial counsel; clearly, the Court did not violate the Sixth Amendment rights of Gonzales with respect to his sentencing; there was absolutely no right to confront witnesses which was denied to Gonzales; and there was no ineffective assistance of appellate counsel.  The Court will adopt the argument Section A of the Government's initial response in full.

With respect to the alleged constructive amendment to the indictment, since all other 35 co-defendants in this case had already entered guilty pleas, the Government, following its long

standing policy, pared down the indictment to reflect only the charges related to the remaining

defendant or defendants.  Since Gonzales was the last Defendant and the only Defendant to be

tried, that process involved reducing the indictment and renumbering Count 33 as Count 2.

Simply stated, all other counts were excised from the original indictment leaving the jury only to

consider the two counts with which Gonzales had originally been charged and neither of those two

counts was altered or amended.  Likewise, the Government removed certain overt acts from the

shorter version of the indictment as their inclusion was unnecessary to support the charges.  This

Court finds no reason to agree with Gonzales that the omission of overt act No. 4 was vindictive

retaliation by the Government for his failure to accept an offer of a plea agreement.  Therefore, the

foregoing also exonerates trial counsel for being ineffective for failing to object to the amended

indictment.

Lastly, appellate counsel was not ineffective for failing to object concerning the

"deficiency" of the "tainted and incomplete" district court record.  This apparently was in

reference to the allegation of collusion between state and federal officials due to the reliance of the

Government upon a 1992 drug conviction of Gonzales as an overt act in support of the federal

charge.  The claim is totally meritless.

The Sixth Circuit reviewed Gonzales double jeopardy challenge and rejected the same.

*Gonzales,* 257 Fed .Appx 932 2007 WL 4438131 (6th Cir. Dec. 17, 2007)(unpublished).

With respect to the motion for leave for discovery, Rule 6 permits the Court to grant leave

for discovery for good cause shown.  Because the Court has found that there was no "amendment"

to the original indictment, but only a paring down thereof by elimination of paragraphs not

applicable directly to Gonzales, there is no need to grant leave to conduct discovery with respect

6

to that aspect of the request.  Additionally, since the inclusion of "overt acts" in an indictment is for informational purposes only, discretionary on the part of the Government, the removal of some or all of those acts from an amended indictment is not objectionable and no reason to grant the right of discovery.  The same is true of the removal of overt act No. 4 from the "edited version" of the indictment used during Gonzales' trial.  Gonzales qualified for a sentencing enhancement under § 841(b) because he had at least two prior felony drug convictions.  Gonzales' prior 1992 Hancock County conviction for cocaine possession qualified as a predicate offense for purposes of § 841(b) sentencing enhancement, whether or not it was also alleged or proven as part of the instant conspiracy.  See *United States v. Hughes* 924 F.2d. 1354, 1361-62 (6th Cir. 1991).

**CONCLUSION**

The Court finds no merit in the arguments and assertions set forth by Gonzales in his original § 2555 motion or in his amended motion.  Nothing new is contained in the lengthy reply (Doc. No. 1573) which would alter in any way this Court's decision as contained herein.  Therefore, both the original and amended motions under § 2255 will be denied as will his motion for leave for discovery.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE