IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Case No. 3:00 CR 756

-vs-

                                      MEMORANDUM   OPINION
DAVID TRINIDAD GONZALEZ,        AND   ORDER

        Defendant/Petitioner.

KATZ, J.

## INTRODUCTION

Before the Court is *pro se* Petitioner David Trinidad Gonzalez's motion to modify or reduce sentence. Petitioner asks the Court to re-sentence him pursuant to pursuant to 18 U.S.C. § 3582(c)(2), in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). (Doc. No. 1604). Amendment 782, which became effective November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in Guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. Manual app. C., amend. 782 (2014). Amendment 788, which also became effective November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The Government filed a response in opposition and argues Petitioner is not eligible for a sentence reduction because Amendment 782 has no effect on his statutorily-mandated term of imprisonment.

## BACKGROUND

The facts pertaining to this matter are set forth under the statement of the case in the Government's opposition. Briefly, Petitioner was sentenced to a statutorily-mandated minimum term of life imprisonment for two counts of an indictment which charged him with conspiracy to possess at least 5 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851 (Count 1), and with possession with intent to distribute 8.907 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 33). (Doc. Nos. 1, 1317).

Petitioner was subject to a base offense level 38 because his offense involved more than 150 kilograms of cocaine base ("crack"). A two-level enhancement applied because Petitioner was an organizer or leader of the criminal activity, resulting in a total offense level 42.[1] Petitioner was found to be a Criminal History Category VI. At total offense level 42, Criminal History Category VI, the resulting Guideline range was 360 months to life imprisonment. However, because both Counts of conviction required terms of mandatory life imprisonment, by operation of U.S.S.G. § 5G1.1(b), the Guideline range became life imprisonment.

By judgment dated January 11, 2006, this Court imposed the mandatory sentence of life imprisonment. (Doc. No. 1435). Following a direct appeal, the Sixth Circuit affirmed judgment. *United States v. Gonzalez*, 257 F. App'x. 932, 933-34 (6th Cir. 2007) (unpublished).

**ANALYSIS**

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] Based on prior convictions, Defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, since the offense level determined under U.S.S.G. § 2D1.1 was greater, the greater offense level was applied.

lowered by the Sentencing Commission ..., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §1382(c)(2).

In the present case, a sentence reduction under § 3582(c) would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to Guideline 1B1.10 explains in relevant part:

a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 1382(c)(2) and is not consistent with this policy statement if ... [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.,* a statutory mandatory minimum term of imprisonment).

Even presuming Amendment 782 could lower Petitioner's advisory guideline range, the fact remains that Amendment 782 does not lower any statutory penalties. *See*, *e.g.*, *United States v. Yeary*, 2015 WL 2452396 (E.D. Tenn. May 21, 2015). The Court notes the rehabilitative efforts cited in Petitioner's motion. However, Petitioner's life sentence was imposed in accordance with his statutes of conviction, 21 U.S.C. §§ 841(b)(1)(A) and 851. *See also* U.S.S.G. §5G1.1(b). Accordingly, Petitioner is not entitled to Amendment 782 relief.

## CONCLUSION

For the reasons stated herein, Petitioner's motion for sentence reduction (Doc. No. 1604). is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

3